[S. F. No. 16796. In Bank. Aug. 4, 1942.]

B. REY SCHAUER et al., Petitioners, v. PAUL PEEK, as Secretary of State, etc., Respondent.

Schauer, Ryon & McMahon for Petitioners.

Paul Peek in pro. per., Earl Warren, Attorney General, and Chas. W. Johnson, Deputy Attorney General, for Respondent.

THE COURT.—By this proceeding in mandamus the petitioners, as the incumbent Presiding Justice and Associate Justices of the District Court of Appeal of the Second Appellate District, Division Three, seek to compel the respondent, as Secretary of State, to accept and file their respective declarations of candidacy to succeed themselves and to certify their nominations to the proper officers. Respondent has demurred generally to the petition.

Division Three of the District Court of Appeal of the Second Appellate District was created by the Legislature in 1941 (Stats. 1941, ch. 1179, p. 2934 Pol. Code, § 758b). The Governor thereafter appointed petitioner B. Rey Schauer as Presiding Justice and petitioners Clement L. Shinn and Parker Wood as Associate Justices of such newly created division of the District Court of Appeal. Their appointments were duly confirmed by the commission on qualifications (Const., art. VI, sec. 26) and each has since qualified and is now the commissioned and acting incumbent of the office to which he was so appointed. As such appointees the petitioners hold office until January, 1943, and under the cited constitutional provision it is essential, if they are to succeed themselves in their respective offices, that each "Within thirty days before the sixteenth day of August next preceding the expiration of his term . . . file with the officer charged with the duty of certifying nominations for publication in the official ballot a

declaration of candidacy for election to succeed himself." This being done, the constitutional section then provides that "the name of such candidate shall be placed upon the ballot for the ensuing general election in November in substantially the following form:

| For .....................................<br>(Title of Office)<br>Shall ............................... be elected<br>(Name)<br>to the office for the term expiring January ———?<br>(year) | Yes<br><br>No |
| --- | --- |

,,

Within thirty days before August 16, 1942, each petitioner herein tendered to respondent for filing a declaration of candidacy for election to succeed himself, each requesting that there be placed upon the ballot the following proposition:

"Shall ............................ be elected to the
(Name)

office for the term prescribed by law?" Respondent has refused to accept petitioners' declarations of candidacy and to certify petitioners' names for publication in the official ballots in the form above set forth, or in any form which does not specify the exact day, month and year upon which the term for which each petitioner proposes to be a candidate shall expire.

The sole issue here presented is whether, in view of the provisions of section 26 of article VI of the Constitution, quoted above, the petitioners are entitled to have "for the term prescribed by law" substituted for the specific date upon which the term for which each is a candidate expires. We entertain no doubt upon the proposition. Under the circumstances disclosed by the petition, it is presently impossible to ascertain the expiration date of the terms for which petitioners are candidates. The statute under which the Third Division of the District Court of Appeal was created (Stats. 1941, *supra*, § 2) makes no provision for the determination of the terms of the justices first appointed thereto. Inasmuch as the Third Division is an additional division created by the Legislature, its initial organization is governed by that portion of section 4a of article VI of the Constitution read-

ing: "Upon the creation of any additional division of the district court of appeal the Governor shall appoint three persons to serve as justices thereof until the first day of January after the next general election. The justices of said division elected at such general election shall so classify themselves by lot that one of them shall go out of office at the end of four years, one of them at the end of eight years, and one of them at the end of twelve years, and entry of such classification shall be made in the minutes of said division, signed by the three justices thereof, and a duplicate thereof filed in the office of the secretary of state."

No authority is conferred by this provision upon any officer to fix the length of each of the three terms prior to the general election to be held this year. That authority is delegated only to the three justices "elected at such general election." Therefore, it is impossible to determine presently which of the three terms, for which petitioners are candidates, expires in four years, which in eight years, and which in twelve years. Under these circumstances, it is impossible to specify upon the ballot the date when the terms for which petitioners are candidates expire. The section does not require that the form be followed exactly as set forth therein, but requires only substantial compliance therewith. The phrase "for the term prescribed by law," here used, is a substantial compliance with the constitutional provision.

Let a peremptory writ of mandate issue forthwith upon the filing of this decision.